UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Civ. File No. 10-cv-01353 (JNE/JSM)

RICHARD FRIESE and ALLAN STORK, as Trustees
of the South Central Minnesota Electrical Workers'
Family Health Plan; RICHARD FRIESE and
ALLAN STORK as Trustees of the South Central
Minnesota Electrical Workers' Retirement and 401(k)
Plan; RICHARD FRIESE and ALLAN STORK, as
Trustees of the South Central Minnesota Joint
Apprenticeship Committee for the Electrical Industry
Trust Fund; RICHARD FRIESE and
ALLAN STORK as Trustees of the South Central
Minnesota Electrical Workers' Vacation and Holiday Plan,
and each of their successors,

                Plaintiffs,

**REPORT AND RECOMMENDATION**

POLACHEK ELECTRIC, INC. and
DAVID POLACHEK,

                Defendants.
_____

This matter was heard before the undersigned on September 7, 2010. Natalie Kohner of Anderson, Helgen, Davis & Nissen, LLC, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1 (c). Based upon Plaintiffs' Motion for Entry of Money Judgment, Memorandum in Support of Motion for Entry of Judgment, Affidavit of Jennifer Buettner in Support of Motion for Entry of Judgment, and Supplemental Affidavit of Amanda R. Cefalu, the Court makes the following:

## **FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on April 12, 2010. Defendants were personally served with the Summons and Complaint in this matter on April 14, 2010.

2. Defendants failed to file and serve a response or Answer to the Summons and Complaint. The Clerk entered default on May 12, 2010.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are joint fringe benefit trust funds which are multi-employer plans as defined by 29 U.S.C. section 1002(37) established to provide pension, health and welfare, vacation benefits and training to employees performing covered work.

4. The fringe benefit plans for which Plaintiffs are Trustees are maintained by the Union and employers for the benefit of workers pursuant to a Collective Bargaining Agreement.

5. The trustees are responsible for determining and collecting the amount due the various employee fringe benefit funds from employers who have entered into a Collective Bargaining Agreement with the Union.

6. At all times material herein, Defendants, through execution of a Letter of Assent, was bound to the Inside Collective Bargaining Agreement between Minneapolis Chapter, National Electrical Contractors Association (NECA), and the International Brotherhood of Electrical Workers, Local Union Number 343 ("Local 343"), A.F.L.-C.I.O.

7. The Collective Bargaining Agreement requires employers, such as Defendants, to make monthly contributions to the fringe benefit funds in accordance with their terms. These contributions must be made on behalf of all employees covered

by the Collective Bargaining Agreement in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

8. The Collective Bargaining Agreement requires employers, such as Defendants, to contribute every month, not later than the 15th day of the following month, such sums for Annuity, Health and Welfare, vacation/Holiday, Apprenticeship and Employee Training, 401(k) and National Electrical benefit Fund for each hour worked by all employees covered by the Collective Bargaining Agreement.

9. Defendants are also required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the Trustees may require.

10. The Collective Bargaining Agreement also provides that a penalty in the amount of $1,000.00 for liquidated damages is due in the event Defendants fail to timely remit reports and contributions prior to the last date of the month after which contributions are due, and/or lesser penalties if remitted prior to that date

11. Defendants breached the terms of the Collective Bargaining Agreement by failing to timely submit fringe benefit reports and fringe benefit contributions due and owing for the months of January, 2010 through March, 2010 and first week of April, 2010. The amount due for fringe benefit contributions for the period of January, 2010 through March, 2010 and first week of April, 2010 was $33,534.19. Defendant remitted payment in full but continues to owe liquidated damages in the amount of $4,000.00.

12. Defendants employed individuals performing work covered by the jurisdiction of the Collective Bargaining Agreement during these months and fringe

benefit contributions, including payments for health premiums to the health and welfare fund, are due and owing.

13. Every month, until this matter is resolved either through dismissal or judgment, Defendant will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, Defendants will be delinquent for each such month.

14. The Collective Bargaining Agreement entitles the Plaintiffs to their reasonable attorney fees and costs of this action.

15. At the Court's request, Plaintiffs' attorney submitted a Supplemental Affidavit of Amanda R. Cefalu setting forth the professional background and hourly rate of those providers who provided services to Plaintiffs on this matter, a description of the services performed, the hours expended in connection with those services, and costs and disbursements paid and incurred by Plaintiffs in support of the Plaintiffs' request for attorneys' fees and costs in the amount of $1813.75.

## **CONCLUSIONS OF LAW**

1. Defendants are in default and Plaintiffs are entitled to a Default Judgment.

2. Defendants are liable to the Plaintiffs in the amount of $4,000.00 for liquidated damages for the months of January, 2010 through March, 2010 and first week of April, 2010 pursuant to the reports submitted by Defendants to the Fund and due to the untimely payment of contributions after the Complaint was filed and served in

this matter. In addition, Defendants are liable due to the submission of the payment subsequent to the deadlines established in the labor contract.

3.  Plaintiffs' attorneys' fees and costs are reasonable and Defendants are liable for fees and costs in the amount of $1,813.75.

## **RECOMMENDATIONS**

For the reasons set forth above, it is recommended that:

1.  That Plaintiffs' Motion for Entry of Judgment should be GRANTED.

2.  That judgment in the amount of $5,813.75 should be entered against Defendants Polachek Electric, Inc. and David Polachek, jointly and severally, in favor of the Plaintiffs for outstanding liquidated damages for the period of January, 2010 through March, 2010 and first week of April, 2010 and for Plaintiffs' reasonable attorneys' fees and costs.

Dated: October 6, 2010

*s/Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **October 20, 2010,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals. Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **October 20, 2010.**